THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Civil Action No._____

CASE NO:

C.L.,

        Plaintiff,

vs.

JEFFREY EPSTEIN,

        Defendant.

_____/

## COMPLAINT

Plaintiff, C.L., brings this Complaint against defendant, Jeffery Epstein ("Defendant"), and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. At all times material to this cause of action, Plaintiff was a resident of Palm Beach County, Florida.

2. This Complaint is brought under a fictitious name to protect the identity of Plaintiff because this Complaint makes sensitive allegations of sexual assault and abuse of a then minor.

3. At all times material to this cause of action, Defendant owned a residence located at 358 El Brillo Way, Palm Beach, Palm Beach County, Florida.

4. Defendant is presently a citizen of the United States Virgin Islands. Pursuant to the plea agreement entered by the Defendant in state court and the sentence which occurred on

June 30, 2008, Defendant is currently under community control in Palm Beach County, Florida.

5. Defendant is an adult male born on January 20, 1953.

6. This Court has jurisdiction over this action and the claims set forth herein pursuant to 18 U.S.C. § 2255.

7. This Court has venue of this action pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claim occurred in this District.

## STATEMENT OF THE FACTS

8. At all relevant times, Defendant was an adult male spanning the ages of 45 and 55 years old. Defendant is known as a billionaire financier and money manager with a secret clientele limited exclusively to billionaires. He is a man of tremendous wealth, power, and influence. He owns a fleet of aircrafts that include a Gulfstream IV, a helicopter, and a Boeing 727, as well as a fleet of motor vehicles. Until his incarceration pursuant to the plea entered and sentencing, which occurred on June 30, 2008, he maintained his principal place of residence in the largest dwelling in Manhattan, a 51,000-square-foot eight-story mansion on the Upper East Side. He also owns a $6.8 million mansion in Palm Beach, Florida, a $30 million 7,500-acre ranch in New Mexico he named "Zorro," a 70-acre private island known as Little St. James in the U.S. Virgin Islands, a mansion in London's Westminster neighborhood, and another residence in the Avenue Foch area of Paris. The allegations herein concern Defendant's conduct while at his lavish residence in Palm Beach and numerous other locations both nationally and internationally.

9. Defendant has a sexual preference for underage minor girls. He engaged in a plan, scheme, or enterprise in which he gained access to countless vulnerable and relatively

economically disadvantaged minor girls, and sexually assaulted, molested, and/or exploited these girls, and then gave them money.

10. Beginning in or around 1998 through in or around September 2007, Defendant used his resources and his influence over vulnerable minor girls to engage in a systematic pattern of sexually exploitative behavior.

11. Defendant's plan and scheme reflected a particular pattern and method. Defendant coerced and enticed impressionable, vulnerable, and relatively economically less fortunate minor girls to participate in various acts of sexual misconduct that he committed upon them. Defendant's scheme involved the use of underage girls, as well as other individuals, to recruit underage girls. Defendant and/or an authorized agent would call and alert Defendant's assistants shortly before or after he arrived at his Palm Beach residence. His assistants would call economically disadvantaged and underage girls from West Palm Beach and surrounding areas who would be enticed by the money being offered and who Defendant and/or his assistants perceived as less likely to complain to authorities or have credibility issues if allegations of improper conduct were made. The then minor Plaintiff and other minor girls, some as young as 14 years old, were transported to Defendant's Palm Beach mansion by Defendant's employees, agents, and/or assistants in order to provide Defendant with "massages."

12. Many of the instances of illegal sexual conduct committed by Defendant were perpetrated with the assistance, support, and facilitation of at least three assistants who helped him orchestrate this child exploitation enterprise. These assistants would arrange times for underage girls to come to Defendant's residence, transport or cause the transportation of underage girls to Defendant's residence, escort the underage girls to the massage room

where Defendant would be waiting or would enter shortly thereafter, urge the underage girls to remove their clothes, deliver cash from Defendant to the underage girls and/or their procurers at the conclusion of each "massage appointment," and assist Defendant in taking nude photographs and/or videos of the underage girls with and/or without their knowledge. Defendant would pay the procurer of each girl's "appointment" hundreds of dollars.

13. Defendant designed this scheme to secure a private place in Defendant's Palm Beach mansion where only persons employed and invited by Defendant would be present, so as to reduce the chance of detection of Defendant's sexual abuse and/or exploitation, as well as to make it more difficult for the minor girls to flee the premises and/or to credibly report his actions to law enforcement or other authorities. The girls were usually transported by his employee(s), agent(s), and/or assistant(s) and/or by taxicab(s) and/or motor vehicle(s) paid for by Defendant, which also made it difficult for the girls to flee his mansion.

14. Upon her initial arrival at Defendant's Palm Beach mansion, each underage victim would generally be introduced to one of Defendant's assistants, who would gather the girl's personal contact information. The minor girl would be led up a remote flight of stairs to a room that contained a massage table and a large shower.

15. At times, if it was the girl's first "massage" appointment, another female would be in the room to "lead the way." Generally the other female would leave, or Defendant would dismiss her. Often, Defendant would start his massage wearing only a small towel, which eventually would be removed. Defendant and/or the other female would direct the girl to massage him, giving the minor girl specific instructions as to where and how he wanted

to be touched, and then direct her to remove her clothing. Defendant would then perform one or more lewd, lascivious, and sexual acts, including masturbation; fondling the minor's breasts and/or sexual organs; touching the minor's vulva, vagina, and/or anus with a vibrator, back massager, his finger(s), and/or his penis; digitally penetrating her vagina; performing intercourse, oral sex, and/or anal sex; and/or coercing or attempting to coerce the girl to engage in lewd acts and/or prostitution and/or enticing the then minor girls to engage in sexual acts with another female in Defendant's presence. The exact degree of the molestation and frequency with which the sexual exploitations took placed varied and is not yet completely known; however, Defendant committed such acts regularly on a daily basis and, in most instances, several times a day. In order to facilitate the daily exchanges of money for sexual assault and abuse, Defendant kept U.S. currency readily available.

16. Defendant was particularly skillful at discerning his minor victims' respective hopes, dreams, and ambitions. As he did with many of his victims, Defendant and his associates lured Plaintiff early-on with modeling opportunities, impressing her with his modeling business and contacts with supermodels, indicating that they could help her with a modeling career.

17. Consistent with the foregoing plan and scheme, Defendant used his money, wealth and power to unduly and improperly manipulate and influence the then minor Plaintiff.

18. Plaintiff originally was introduced to Defendant when she was fifteen (15) years old. She was approached by a friend of hers in High School, who was also a victim of Epstein's scheme.

19. Plaintiff was originally told that she would be going to Defendant's home to for a potential modeling job. Plaintiff went to Defendant's Palm Beach mansion accompanied by this other victim of Defendant. Upon arriving, Plaintiff was led up a flight of stairs to a room with a shower and a massage table. Defendant entered the room, instructed Plaintiff to massage him and proceeded to sexually molest the then minor Plaintiff.

20. While confined in the bathroom with Defendant, Plaintiff was told by Defendant to undress. Plaintiff was then told to massage Defendant while he lay there naked, but for a small hand towel over his genitals.

21. During this nude massage, Defendant touched Plaintiff's breasts and stroked her vagina with his fingers. Defendant masturbated during this naked massage while touching her vagina.

22. Defendant then ejaculated into a towel. He then paid minor Plaintiff two hundred dollars, and Plaintiff was escorted out of Defendant's mansion and left Defendant's property.

23. After this incident Defendant threatened Plaintiff "that if she told anyone what happened at his house bad things could happen."

24. Over the course of the next several weeks a similar pattern of grooming continued and the sexual exploitation progressively escalated. One of Defendant's associations, Sarah Kellen, approached the then minor Plaintiff. While at the mansion Sarah Kellen led the minor Plaintiff upstairs to Defendant's shower and massage room. Plaintiff was instructed to massage Defendant. While Sarah Kellen was initially present she soon left the then minor Plaintiff with the Defendant. Alone with the minor Plaintiff the Defendant seized upon this opportunity to persuade Plaintiff to take off her shirt. Once Defendant was able to exert influence over this minor Plaintiff he escalated his sexual

exploitation. Without Plaintiff's consent the Defendant fondled her body parts including her vagina and breasts. Defendant proceeded to abuse the then minor Plaintiff with a vibrator, which he pushed onto her private parts. Defendant then penetrated the then minor Plaintiff's vagina with his fingers. After Defendant completed his sexual battery he paid the then minor Plaintiff and threatened her against telling any person, including the police and her parents, of what had occurred.

25. After abusing the minor Plaintiff the Defendant or his associates would call the minor Plaintiff at her home. If the then minor Plaintiff did not answer the Defendant would take steps to find out where she was. Throughout the length and past the physical conclusion of Defendant's sexual exploitation of minor Plaintiff the Defendant and/or his associates would incessantly call Plaintiff. During some of these phone calls the Defendant or his associates would harass Plaintiff to recruit other minor girls threatening Plaintiff she would be in trouble if she did not.

26. In June 2008, after an investigation by the Palm Beach Police Department, the State Attorney's Office, the Federal Bureau of Investigation, and the United States Attorney's Office, Defendant entered pleas of "guilty" to one count of solicitation of prostitution, in violation of Fla. Stat. § 796.07, and one count of solicitation of a minor to engage in prostitution, in violation of Fla. Stat. § 796.03 in the Fifteenth Judicial Circuit in Palm Beach County, Florida.

27. As a condition of that plea, Defendant entered into a Non-Prosecution Agreement, Addendum, and Affirmation (collectively, the "NPA") with the United States Attorney's Office for the Southern District of Florida on September 24, 2007, October 29, 2007, and

December 7, 2007, respectively. In so doing, Defendant acknowledged that Plaintiff was one of his victims and agreed to the following provisions of the NPA:

> 8. If any of the [acknowledged victims] elects to file suit pursuant to 18 U.S.C. §2255, Epstein will not contest the jurisdiction of the United States District Court for the Southern District of Florida over his person and/or the subject matter, and Epstein waives his right to contest liability and also waives his right to contest damages up to an amount agreed to between the identified individual and Epstein, so long as the identified individual elects to proceed exclusively under 18 U.S.C. §2255, and agrees to waive any other claim for damages, whether pursuant to state, federal or common law.
>
> 10. Except as to those individuals who elect to proceed exclusively under 18 U.S.C. §2255, as set forth in paragraph (8), supra, neither Epstein's signature on this agreement, nor its terms, nor any resulting waivers or settlements by Epstein are to be construed as admissions of evidence or evidence of civil or criminal liability or a waive of any jurisdictional or other defense as to any person, whether or not her name appears on the list provided by the United States (emphasis added).

28. Plaintiff was among the individuals identified by the United States Attorney's Office as victims of Defendant upon whose testimony it intended to base its federal prosecution of Defendant for his illegal conduct. Consequently, Defendant is estopped by his state Court plea and the Non-Prosecution Agreement in denying the acts alleged in this Complaint and must effectively admit liability to Plaintiff, Jane Doe No. 104.

## COUNT I
### Cause Of Action For Coercion And Enticement Of Minor To Engage In Prostitution Or Sexual Activity Pursuant To 18 U.S.C. § 2255 In Violation Of 18 U.S.C. § 2422(b)

29. Plaintiff hereby adopts, repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

30. Defendant used a facility or means of interstate and/or foreign commerce to knowingly persuade, induce, entice, or coerce Plaintiff, when she was under the age of 18 years, to engage in prostitution and/or sexual activity for which any person can be charged with a criminal offense, or attempted to do so, pursuant to 18 U.S.C. § 2255 in violation of 18 U.S.C. § 2422(b).

31. Plaintiff was a victim of one or more offenses enumerated in 18 U.S.C § 2255, and, as such,

asserts a cause of action against Defendant pursuant to this Section of the United States Code.

32. As a direct and proximate result of the offenses enumerated in 18 U.S.C § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's manipulating and luring her into a perverse and unhealthy way of life. The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future incur additional medical and psychological expenses. Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant for all damages available under 18 U.S.C § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT TWO
### Cause Of Action For Sexual Exploitation Of Children Pursuant To 18 U.S.C. § 2255 In Violation Of 18 U.S.C. §2251

33. Plaintiff hereby adopts, repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

34. Defendant knowingly persuaded, induced, enticed, or coerced the then minor Plaintiff to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C § 2251.

35. Plaintiff was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant pursuant to this Section of the United States Code.

36. As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's manipulating and luring her into a perverse and unhealthy way of life. The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future incur additional medical and psychological expenses. Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

### COUNT THREE
### Cause Of Action For Engaging In A Child Exploitation Enterprise Pursuant To 18 U.S.C. § 2255 In Violation Of 18 U.S.C. §2252A (g)

37. Plaintiff hereby adopts, repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 22 above and Counts One and Two above.

38. Defendant knowingly engaged in a child exploitation enterprise, as defined in 18 U.S.C. § 2252A (g) (2), in violation of 18 U.S.C. § 2252A (g) (1). As more fully set forth above, Defendant engaged in actions that constitute countless violations of 18 U.S.C. § 1591 (sex trafficking of children), Chapter 110 (sexual exploitation of children in violation of 18 U.S.C. §§ 2251, 2252(a) (1), and 2252(A) (a) (l)), and Chapter 117 (transportation for illegal sexual activity in violation of 18 U.S.C. §§ 2421, 2422(b), and 2423(b)). As more fully set forth above in paragraphs 1 through 22, Defendant's actions involved countless victims and countless separate incidents of sexual abuse, which he committed against minors, including Plaintiff, in concert with at least three other persons.

39. Plaintiff was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant pursuant to this Section of the United States Code.

40. As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's manipulating and luring her into a perverse and unhealthy way of life. The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future incur additional medical and psychological expenses. Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature, and Plaintiff will

continue to suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as a matter of right.

### CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

s/GREGORY S. WEISS
SPENCER T. KUVIN (Florida Bar No.: 089737))
skuvin@leopoldkuvin.com
GREGORY S. WEISS (Florida Bar No.: 163430)
gweiss@leopoldkuvin.com
Leopold~Kuvin, P.A.
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
Facsimile: (561) 515-1401
Attorneys for Plaintiff